**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6094**

WALLY BOONE,

        Plaintiff - Appellant,

    v.

C.D. EVERETT, K-9 Officer,

        Defendant - Appellee,

    and

CORIZON, Contractors in the employment of Virginia DOC Medical Department;
MS. SIDI; MS. JACKSON; MS. M. WOODRUFF; RODRIGUEZ, Sergeant,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Anthony John Trenga, District Judge. (1:14-cv-01619-AJT-TCB)

Submitted: January 31, 2019              Decided: February 7, 2019

Before KEENAN and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew Pruitt, Katherine Canning, Don Hong, KIRKLAND & ELLIS LLP, Washington,
D.C., for Appellant. Mark R. Herring, Attorney General, Victoria N. Pearson, Deputy
Attorney General, Margaret A. O'Shea, Assistant Attorney General, Toby J. Heytens,

Solicitor General, Matthew R. McGuire, Principal Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wally Boone, a Virginia inmate, appeals the denial of his motion for sanctions on the basis of spoliation against former Virginia correctional officer C.D. Everett. Boone alleged that Everett was responsible for the destruction of the video recording of a physical altercation between Boone and Everett that Boone claimed was the key piece of evidence in his 42 U.S.C § 1983 (2012) excessive force suit against Everett.[1] At trial, the district court instructed the jury that it was not permitted to draw any inference for or against either party from the fact that the video was not in evidence. The jury returned a verdict in favor of Everett. We affirm.

We review a district court's decision to grant or deny a motion for sanctions on the basis of spoliation for abuse of discretion.[2] *Turner v. United States*, 736 F.3d 274, 281-82 (4th Cir. 2013).

> Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process.

---

[1] The district court dismissed the claims against all of the other defendants before trial.

[2] The district court referred the motion for sanctions to the magistrate judge for resolution, and the magistrate judge denied the motion. Boone filed objections to the magistrate judge's order and the district court, finding that the magistrate judge's order was not "clearly erroneous or contrary to law," affirmed. *See* 28 U.S.C. § 636(b)(1)(A) (2012).

*Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citation and internal quotation marks omitted).

> A party seeking sanctions based on the spoliation of evidence must establish . . . that the alleged spoliator had a duty to preserve material evidence. This duty arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.

*Turner*, 736 F.3d at 282 (internal quotation marks omitted). We have explained that "spoliation does not result merely from the negligent loss or destruction of evidence. Rather, the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." *Id.* (citation and internal quotation marks omitted).[3]

It is undisputed that the video surveillance system at the correctional institution captured the relevant altercation between Boone and Everett, but, because no one in the Virginia Department of Corrections saved the video, the video surveillance system recorded over the footage before discovery in this case. Everett viewed the video once, and the district court permitted him to testify at trial about what he saw on the video. Everett did not have the ability to access the video himself, and he never asked any of his

---

[3] Rule 37 of the Federal Rules of Civil Procedure, as amended in December 2015 while this case was pending before the district court, provides that "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it," the district court may give an adverse inference instruction or enter a default judgment "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e). We need not decide whether Rule 37(e) or our preexisting spoliation doctrine governs this case because the district court did not abuse its discretion under either standard.

4

superiors to preserve the video. It is undisputed that, although Boone never saw the video, he demanded to see it in the institutional grievances he filed and asserted that the video would corroborate his claims.

There is no evidence in the record that Everett or anyone acting on his behalf took any active steps to erase the video, and the district court credited Everett's deposition testimony that he did not know the video would be erased and believed that the video had in fact been preserved. Given these factual findings, Boone has not established that Everett committed an act or omission that led to spoliation of the video evidence and was either willful or done with the intent to deprive Boone of the use of the evidence. Accordingly, we discern no abuse of discretion in the district court's refusal to impose sanctions against Everett.

We therefore affirm the district court's order denying Boone's motion for sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*